1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLETE REO HART,

11          Plaintiff,            No. CIV S-05-2063 MCE DAD P

12      vs.

13   C/O BIGNEY, et al.,          ORDER AND

14          Defendants.           FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a complaint seeking relief under

17   42 U.S.C. § 1983.  This proceeding has been referred to the undersigned magistrate judge

18   pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

19          On October 24, 2005, plaintiff was ordered to pay the filing fee or submit an

20   application to proceed in forma pauperis.  The in forma pauperis application filed by plaintiff on

21   November 18, 2005, makes the showing required by 28 U.S.C. § 1915(a).  Plaintiff's application

22   for leave to proceed in forma pauperis will therefore be granted.

23          Plaintiff is required by statute to pay the $250.00 filing fee that was in effect when

24   this action was commenced.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee

25   of $3.73 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2   make monthly payments of twenty percent of the preceding month's income credited to his

3   prison trust account.  These payments will be collected and forwarded by the appropriate agency

4   to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the

5   filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," claims that

9   fail to state a claim upon which relief may be granted, and claims that seek monetary relief from

10   a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) and (2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18           A complaint should be dismissed for failure to state a claim upon which relief

19   may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of

20   his complaint that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73

21   (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In

22   reviewing a complaint under this standard, the court accepts as true the allegations of the

23   complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also

24   construes the pleading in the light most favorable to the plaintiff and resolves doubts in the

25   plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court need not accept as

26   true conclusory allegations.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection between the actions of

the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of

§ 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint

is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff has sued five persons employed at California Medical

Facility:  Correctional Officers Sandine, Appleberry, and McGlaughlin, and Librarians Y. Cheng

and Ms. Portia.  Plaintiff states that he is also suing "many others" listed in state tort claims he

has submitted to the California Victim Compensation and Government Claims Board.

Plaintiff's statement of claim is as follows:

> At this time I have turned in and filed at least nine lawsuits with
> the afore listed state agency.  Copies of such have been stollen [sic]
> from my various housings.  Mail has been stollen [sic] over and
> over again concerning my cases with them.  All cases they receive
> are viable and have much merit.  They continue to not answer my
> letters and deny or dismiss my cases, so I must turn them over to a
> higher court.  My writ of habeas corpus is also in question, as no
> reason is given for denial.

Compl. at third page.

Plaintiff seeks the following relief:

> To have all of my state tort lawsuits and letters past, present, and
> future, looked into and settlements made with me for all of them,
> as I am once again a victim of a faulty judicial system of fraud in
> the case numbers:  G546305, G546293, G548179, G555262,
> Appeal Log # CMF-05-412, and two missing.  I need answers to all

3

1    of my letters and restitution paid for all fraudulent state court
2    actions.  IT'S THE POLICE!!!

3    Id.

4         Plaintiff's complaint contains no factual allegations against defendants Sandine,

5    Appleberry, McGlaughlin, Cheng, and Portia.  Nor does plaintiff seek any relief from or against

6    these defendants.  To the extent that plaintiff intends to allege that these five defendants stole

7    mail and copies of legal documents from plaintiff's housing, plaintiff has alleged no facts that

8    support such claims.  Nor has plaintiff demonstrated that these five defendants subjected him to

9    the deprivation of any federal right.  The undersigned finds that plaintiff's claims against the five

10   named defendants are legally and factually frivolous and fail to state a claim upon which relief

11   may be granted.  Because it does not appear that plaintiff can cure the defects of his claims

12   against defendants Sandine, Appleberry, McGlaughlin, Cheng, and Portia, the undersigned will

13   recommend that plaintiff's claims against these five defendants be dismissed without leave to

14   amend.

15        Plaintiff is advised that the federal district courts do not sit as courts of appeal for

16   the decisions of state courts and state agencies.  See D.C. Court of Appeals v. Feldman, 460 U.S.

17   462, 486 (1983).  This court cannot investigate plaintiff's tort claims, order the agency to respond

18   to plaintiff's letters, or require the state to enter into settlements with plaintiff.  The undersigned

19   finds that plaintiff's claims against the unnamed defendants are both legally and factually

20   frivolous and fail to state a claim upon which relief may be granted.  Because it is evident that

21   plaintiff cannot cure the defects of his claims against the unnamed defendants, the undersigned

22   will recommend that these claims be dismissed without leave to amend.

23   /////

24   /////

25   /////

26   /////

4

1        Accordingly, IT IS ORDERED that:

2        1.  Plaintiff's November 18, 2005 application to proceed in forma pauperis is

3   granted;

4        2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

5   Plaintiff is assessed an initial partial filing fee of $3.73.  All fees shall be collected and paid in

6   accordance with this court's order to the Director of the California Department of Corrections

7   and Rehabilitation filed concurrently herewith; and

8        IT IS RECOMMENDED that this action be dismissed with prejudice as legally

9   and factually frivolous and for failure to state a claim upon which relief may be granted.

10        These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12   days after being served with these findings and recommendations, plaintiff may file written

13   objections with the court.  A document containing objections should be titled "Objections to

14   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15   objections within the specified time may, under certain circumstances, waive the right to appeal

16   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: June 12, 2006.

18

19                                    _____

20                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

21   DAD:13
     hart2063.56

22

23

24

25

26